MICHAEL E. VINDING (SBN 178359)
BRADY & VINDING
400 Capitol Mall, Suite 2640
Sacramento, CA 95814
Telephone: (916) 446-3400
Facsimile: (916) 446-7159
mvinding@bradyvinding.com

Attorneys for Defendants

**FILED**

JUN 26 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
   DEPUTY CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DAVID PEREIRA, | CASE NO. 2:12-CV-00252-WBS-JFM |
| Plaintiff, | **CONSENT AGREEMENT** |
| v. | |
| ERIC DRIEVER, DYANA ANDERLY, AARON MOUNT, PIERRE RIVAS, ROGER TROUT, LOU RAINS, EL DORADO COUNTY PLANNING DEPARTMENT, COUNTY OF EL DORADO, JOHN KNIGHT, | |
| Defendants. | |

### RECITALS

**WHEREAS**, Plaintiff John David Pereira, an attorney appearing *in pro per* ("Plaintiff" or "Pereira"), filed a Complaint for Damages ("Complaint," a true and correct copy is attached hereto as Exhibit 1) on January 31, 2012, against the County of El Dorado and the El Dorado Planning Commission ("County") as well as individuals.

**WHEREAS**, the named individuals were dismissed with prejudice on June 1, 2012.

**WHEREAS**, the Complaint primarily challenges the County's licensing scheme, as set forth in Title 17 of the County's Zoning Ordinances for off-premise signs (i.e., billboards visible from Highway 50), which requires a special use permit ("SUP"). More specifically, Pereira claims, *inter alia*, that the licensing scheme is unconstitutional, both facially and as applied, under the First

1  and Fourteenth Amendments to the United States Constitution and the California Constitution and
2  that it violates Pereira's civil rights (42 USC §1983). At issue are: (1) whether the ordinances are
3  an unconstitutional prior restraint on Pereira's free speech, (2) whether the ordinances provide
4  unfettered discretion to County officials, (3) whether the ordinances are void for vagueness, and
5  (4) whether the ordinances are overbroad as preferring commercial speech over non-commercial
6  speech.

7    **WHEREAS**, Pereira's prayer for relief seeks: (a) lost profits of one thousand dollars
8  ($1,000.00) per day from August 1, 2011 until trial, and (b) exemplary damages (although the
9  individual defendants have been dismissed), and (c) an order declaring the ordinance
10 unconstitutional, and (d) an order enjoining the County from enforcing its special permit
11 procedures.

12   **WHEREAS**, the County denies all claims and violations alleged in the Complaint.
13   **WHEREAS**, the Parties agree that it is in their mutual interest to resolve this matter
14 without further litigation, thus avoiding the costs and uncertainty of trial.

15   **WHEREAS**, Pereira and County (collectively referred to as the "Parties" or individually as
16 "Party") attended a settlement conference between United States Magistrate Judge Kendall
17 Newman of the United States District Court for the Eastern District of California on June 26, 2012.

18   **NOW, THEREFORE, IT IS HEREBY STIPULATED BETWEEN THE PARTIES,**
19 **AND ORDERED AND DECREED BY THE COURT AS FOLLOWS:**

20   1.   The Parties stipulate and agree that venue is proper in this Court and that the Court
21 has jurisdiction to enter this Consent Agreement and retain jurisdiction for one year after the
22 effective date. The effective date ("Effective Date") of this Consent Agreement will be June 26,
23 2012.

24               **COMMITMENTS OF DEFENDANTS**

25   In consideration and exchange for the mutual promises set forth herein, the County agrees
26 to the following:

27   2.   Within sixty (60) days on a mutually agreeable date, the Board of Supervisors shall
28 hold public hearings to reconsider the three applications numbered S11-004 (4241 Sunset Lane),

S11-005 (4081 Mother Lode Drive), and S11-006 (3431 Coach Lane) with the applications modified as followed:

    a. The size of each sign face shall be reduced to twelve by forty feet (12' x 40'). Each sign shall have no more than two (2) faces and each sign shall be no taller than fifty feet (50').

    b. The existing conditions related to down lighting shall be removed from each permit.

    c. The conditions automatically terminating the Special Use Permit in seven (7) years will be removed, but Plaintiff is advised that the County may modify or change or repeal its sign ordinance(s) in the future and any and all signs referenced in applications numbered S11-004 (4241 Sunset Lane), S11-005 (4081 Mother Lode Drive), and S11-006 (3431 Coach Lane) may be subject to any modifications or changes, including any provision to amortize existing legal signs. The County acknowledges that Plaintiff reserves any and all rights to challenge any modifications, changes or repealing of the County's ordinance(s).

At the hearing, the Board of Supervisors shall reconsider the adequacy of the negative declarations prepared for the applications and reconsider the findings.

**COMMITMENTS OF PLAINTIFF**

In consideration and exchange for the mutual promises set forth herein, Plaintiff agrees to the following:

3. At least two (2) weeks prior to the public hearing described in paragraph 2, the applicant shall supplement the record by submitting additional documentary evidence, which at a minimum, demonstrates the analysis of potential alternative locations and potential aesthetic impacts of the applications.

4. If, after the conclusion of the public hearing, the Board of Supervisors approves the three applications as set forth in paragraph 2 or as otherwise is acceptable to Plaintiff, Plaintiff will file a request for dismissal, with prejudice, of the above-entitled action upon approval by the Board of Supervisors of this Consent Agreement. Plaintiff agrees to waive all monetary damages of any

1 kind, including, but not limited to, lost profits, exemplary damages, attorneys' fees, costs, and any other conceivable monetary damage.

5. Plaintiff agrees to defend and indemnify the County, its Board members, Commissioners, officers, employees, administrators, departments, successors and assigns of any such persons or entities, in connection with any litigation that may arise out of the approval of any applications referenced in paragraph 2 above and/or the matters set forth in this Consent Agreement and/or any legal challenge relating to execution, performance and/or enforcement of this Consent Agreement.

## WAIVER, RELEASES AND COVENANTS NOT TO SUE

6. The Parties enter into this Consent Agreement for the purpose of avoiding prolonged and costly litigation. Nothing in this Consent Agreement shall be construed as, and County expressly does not intend to imply, any admission as to any fact, finding, issue of law, or violation of law, fault or liability or damages, nor shall compliance with this Consent Agreement constitute or be construed as an admission by County of any fact, finding, conclusion, issue of law, or violation of law or fault or liability or damages. However, this paragraph shall not diminish or otherwise affect the obligation, responsibilities, and duties of the Parties under this Consent Agreement.

7. Pereira, on his own behalf and on behalf of his agents, officers, directors, employees, parents, subsidiaries, affiliates and each of their successors and assigns and his agents, attorneys, and other representatives covenant not to sue the County or its Board members, Commissioners, officers, directors, employees, members, parents, subsidiaries, affiliates, or their successors or assigns, or its agents, attorneys, or other representatives with respect to any matters that were or could have been raised in the Complaint on file in the above-entitled action. Plaintiff on his own behalf and on behalf of any agents, officers, directors, employees, parents, subsidiaries, affiliates and each of their successors and assigns, and agents, attorneys, and other representatives, releases the County or its Board members, Commissioners, officers, directors, employees, members, parents, subsidiaries, affiliates, or their successors or assigns, or its agents, attorneys, and other representatives from and waives all claims raised in the Complaint, including all claims for

1 | fees (including fees of attorneys, experts, and others), costs, expenses, or any other sum incurred or
2 | claimed or which could have been claimed.

3 |     8.    County, on its own behalf and on behalf of its Board members, Commissioners,
4 | officers, directors, employees, members, parents, subsidiaries, affiliates, or their successors or
5 | assigns, or its agents, attorneys, or other representatives, releases Pereira and his agents, officers,
6 | directors, employees, members, parents, subsidiaries, and affiliates, and each of their successors
7 | and assigns and agents, attorneys and other representatives from, and waives all claims which arise
8 | from the Complaint on file in the above-entitled action, including all claims for fees (including fees
9 | of attorneys, experts, and others), costs, expenses or any other sum incurred or claimed or which
10 | could have been claimed for matters included in the Complaint, except that Pereira is not released
11 | from any applicable costs or fees required or necessitated by the construction of the three off-
12 | premise signs, such as building permit costs, inspection fees/costs, etc., or any costs relating to the
13 | defense or indemnification of the County set forth in paragraph 5.

14 |     9.    The Parties understand, agree and do hereby waive any and all rights they may have
15 | under California Civil Code Section 1542. The Parties ACKNOWLEDGE THAT THEY HAVE
16 | BEEN ADVISED BY LEGAL COUNSEL AND ARE FAMILIAR WITH THE PROVISIONS OF
17 | CALIFORNIA CIVIL CODE SECTION 1542, WHICH PROVIDES AS FOLLOWS:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
> TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING
> THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE
> MATERIALLY AFFECTED HIS SETTLEMENT WITH THE
> DEBTOR.

22 | The Parties EXPRESSLY WAIVE AND RELINQUISH ANY AND ALL RIGHTS
23 | OR BENEFITS THEY MAY HAVE UNDER, OR WHICH MAY BE CONFERRED UPON
24 | THEM BY, THE PROVISIONS OF CALIFORNIA CIVIL CODE SECTION 1542 TO THE
25 | FULLEST EXTENT THAT THEY MAY LAWFULLY WAIVE SUCH RIGHTS OR BENEFITS
26 | PERTAINING TO THE SUBJECT MATTER OF THIS RELEASE.

27 |     In connection with this waiver and relinquishment the Parties hereto acknowledge
28 | that they are aware that they may subsequently discover claims presently unknown or unsuspected,

or facts, in addition to or different from those which they now know or believe to be true, with respect to the matters released herein. Nevertheless, it is their intention, through this Consent Agreement, to fully, and forever settle and release all such matters, and all claims relative thereto, known or unknown, suspected or unsuspected, which do now exist, as to the released matters.

## MISCELLANEOUS COMMITMENTS AND CONDITIONS

10. <u>Term of Consent Agreement</u>. For the purposes of this Consent Agreement, the Parties stipulate that the United States District Court of California, Eastern District of California, has jurisdiction over the Parties and subject matter of this Consent Agreement. The Parties stipulate that the County will not raise in the future as part of enforcement of this Consent Agreement whether Pereira has standing to bring the Complaint or any subsequent motion pursuant to the Dispute Resolution procedures herein.

This Consent Agreement shall continue in effect until the earlier of the filing of the Entry of Dismissal or for one year from the Effective Date (the "Term"), at which time the Consent Agreement, and all obligations under it, shall automatically terminate. The waivers, releases, and covenants contained herein shall survive the termination of this Consent Agreement.

11. <u>Dispute Resolution</u>: If a dispute under this Consent Agreement arises, or either Party believes that a breach of this Consent Agreement has occurred, the Parties shall schedule a meet and confer within ten (10) business days of receiving written notification from the other Party of a request for a meeting to determine whether a violation of this Consent Agreement has occurred and to develop a mutually agreed upon plan, including implementation dates, to resolve the dispute. If the Parties fail to meet and confer or the meet and confer does not resolve the issue, after at least seven (7) business days have passed after the meet and confer occurred or should have occurred, either Party shall be entitled to all rights and remedies under the law, including bringing a motion before the United States District Court for the Eastern District of California for the limited purpose of enforcing the terms of this Consent Agreement.

12. <u>Execution in Counterparts</u>. The Consent Agreement may be executed in one or more counterparts which, taken together, shall be deemed to constitute one and the same document. Copies of this Consent Agreement, including copies of signatures, are valid as originals.

13. <u>Facsimile Signatures</u>. The Parties' signatures to this Consent Agreement transmitted by facsimile or electronic mail transmission shall be deemed binding.

14. <u>Construction</u>. The language in all parts of this Consent Agreement, unless otherwise stated, shall be construed according to its plain and ordinary meaning. The captions and paragraph headings used in this Consent Agreement are for reference only and shall not affect the construction of this Consent Agreement.

15. <u>Authority to Sign and Bind</u>. Each party to this Consent Agreement represents and warrants that the person who has signed this Consent Agreement on his/its behalf is duly authorized to enter into this Consent Agreement and to bind that Party to the terms and conditions of this Consent Agreement.

16. <u>Integrated Consent Agreement</u>. All agreements, covenants, representations and warranties, express or implied, oral or written, of the Parties concerning the subject matter of this Consent Agreement are contained herein.

17. <u>Severability</u>. In the event that any of the provisions of this Consent Agreement are held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

18. <u>Choice of Law</u>. This Consent Agreement shall be governed by the laws of the United States, and where applicable, the laws of the State of California.

19. <u>No Third Party Benefits</u>. This Consent Agreement and its attachments are made for the sole benefit of the Parties, and no other person or entity shall have any rights or remedies under or by reason of this Consent Agreement, unless otherwise expressly provided for therein.

20. <u>Negotiated Agreement</u>. The Parties have negotiated this Consent Agreement, and agree that it shall not be construed against the party preparing it, but shall be construed as if the Parties jointly prepared this Consent Agreement, and any uncertainty and ambiguity shall not be interpreted against any one party.

21. <u>Compliance With Laws/Ordinances</u>. Each Party will comply and will cause all of its/his respective agents/representatives/successors/assigns to comply with all applicable laws and ordinances, including those laws/ordinances that may be modified, changed and/or repealed from

1 time to time.

2     22.    <u>Modification of the Agreement</u>. This Consent Agreement, and any provisions herein, may not be changed, waived, or discharged unless by a written instrument signed by the Party/ies and/or his/its duly authorized agent.

    23.    <u>Successors and Assigns</u>. Subject only to the express restrictions contained in this Consent Agreement, all of the rights, duties and obligations contained in this Consent Agreement shall inure to the benefit of, and be binding upon, the Parties and their successors and assigns.

    24.    <u>Authority to Execute/Execution of Additional Documents</u>. The Parties represent and warrant to each other that they have not assigned or transferred any of their rights or interests in the matters being released hereunder and the Parties have the legal authority to bind and perform any rights or obligations hereunder. The Parties hereby covenant and agree to execute and/or forthwith deliver such additional documents and do all such acts or things as may be reasonably necessary or requisite to carry out the full intent and meaning of this Consent Agreement.

    25.    <u>Mailing of Documents/Notices/Correspondence</u>. Any notices or documents required or provided for by this Consent Agreement or related thereto that are to be provided to Pereira pursuant to this Consent Agreement shall be, to the extent feasible, sent via electronic mail transmission to the e-mail addresses listed below or, if electronic mail transmission is not feasible, via certified U.S. Mail with return receipt, or by hand delivery to the following address:

    John David Pereira  
    Law Office of John David Pereira  
    3161 Cameron Park Drive, Suite 210  
    Cameron Park, CA 95682  
    Tel:   (530) 672-9577  
    Fax:  (530) 672-9579  
    Email: jdplawoff@sbcglobal.net

Unless requested otherwise by the County, any notices or documents required or provided for by this Consent Agreement or related thereto that are to be provided to the County pursuant to this Consent Agreement shall, to the extent feasible, be provided by electronic mail transmission to the e-mail addresses listed below, or, if electronic mail transmission is not feasible, by certified U.S. Mail with return receipt, or by hand delivery to the addresses below:

    Paula F. Frantz

```
    Deputy County Counsel
    County of El Dorado
    County Government Center
    330 Fair Lane
    Placerville, CA 95667
    Tel:    (530) 621-5770
    Fax:    (530) 621-2937
    Email:  paula.frantz@edcgov.us

    and

    Michael E. Vinding
    BRADY & VINDING
    400 Capitol Mall, Ste. 2640
    Sacramento, CA 95814
    Tel:    (916) 446-3400
    Direct: (916) 273-1734
    Fax:    (916) 446-7159
    Email:  mvinding@bradyvinding.com
```

       Notifications of communications shall be deemed submitted on the date that they are emailed, or postmarked and sent by first-class mail or deposited with an overnight mail/delivery service. Any changes of address or addressees shall be communicated in the manner described above for giving notices.

       26.    <u>Impossibility of Performance</u>. No Party shall be considered to be in default in the performance of any of his/its obligations under this Consent Agreement when performance becomes impossible, despite the timely good faith efforts of the Party, due to circumstances beyond the Party's control, including without limitation any act of God (*force majeure*), act of war or terrorism, fire, earthquake, flood, and restraint by court order or public authority. "Circumstances beyond the Party's control" shall not include normal inclement weather, economic hardship or inability to pay. Any Party seeking to rely upon this paragraph shall have the burden of establishing that it could not reasonably have been expected to avoid, and which by exercise of due diligence has been unable to overcome, the impossibility of performance. Waiver of any breach shall not be deemed to be a waiver of any other breach of the same or any other provision(s) herein.

       27.    <u>Failure to Approve</u>. If for any reason the Board of Supervisors declines to approve the applications in the form presented, the Parties shall use their best efforts to work together to modify the applications within thirty (30) days so that the applications are acceptable to the Board

of Supervisors. If the Parties are unable to modify the applications in a mutually acceptable manner that is also acceptable to the District Court, this Consent Agreement shall immediately be null and void as well as inadmissible as a settlement communication under Federal Rule of Evidence 408 and California Evidence Code section 1152.

RESPECTFULLY SUBMITTED.

Plaintiff:

LAW OFFICES OF JOHN DAVID PEREIRA

Date: 6/26/____, 2012    By: _____
                              John David Pereira

Defendants:

Date: June 26____, 2012   BRADY & VINDING

                          By: _____
                              Michael E. Vinding
                              Attorneys for Defendants El Dorado County
                              and El Dorado County Planning Commission.

**ORDER**

IT IS HEREBY ORDERED.

Date: June 26, 2012       _____
                          Kendall J. Newman
                          U. S. Magistrate Judge