MICHAEL E. VINDING (SBN 178359)
BRADY & VINDING
400 Capitol Mall, Suite 2640
Sacramento, CA 95814
Telephone:  (916) 446-3400
Facsimile:  (916) 446-7159
mvinding@bradyvinding.com

Attorneys for Defendants
El Dorado County Planning Department
and County Of El Dorado

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DAVID PEREIRA,<br><br>   Plaintiff,<br><br>v.<br><br>ERIC DRIEVER, DYANA ANDERLY, AARON MOUNT, PIERRE RIVAS, ROGER TROUT, LOU RAINS, EL DORADO COUNTY PLANNING DEPARTMENT, COUNTY OF EL DORADO, JOHN KNIGHT,<br><br>   Defendants. | CASE NO. 2:12-CV-00252-WBS-JFM<br><br>**STIPULATED DISMISSAL WITH PREJUDICE** |

## I.  RECITALS

**WHEREAS**, Plaintiff David Pereira, an attorney appearing in pro per ("Plaintiff" or "Pereira"), filed a Complaint for Damages ("Complaint") arising from Special Use Permit ("SUP") applications S11-004 (4241 Sunset Lane), S11-005 (4081 Mother Lode Drive), and S11-006 (3431 Coach Lane) in the above-entitled action on January 31, 2012, against the County of El Dorado and the El Dorado County Planning Department ("County") as well as individuals.

**WHEREAS**, Pereira's Complaint primarily challenges the licensing scheme, as set forth in Title 17 of the County's Zoning Ordinances for off-premise signs (i.e., billboards visible from Highway 50), which requires a SUP.  More specifically, Pereira claims, inter alia, that the licensing scheme is unconstitutional, both facially and as applied, under the First and Fourteenth

-1-

1  Amendments to the United States Constitution and the California Constitution and that it violates
2  Pereira's civil rights (42 USC § 1983).  At issue: (1) whether the ordinances are an unconstitutional
3  prior restraint on Pereira's free speech, (2) whether the ordinances provide unfettered discretion to
4  County officials, (3) whether the ordinances are void for vagueness, and (4) whether the ordinances
5  are overbroad as preferring commercial speech over non-commercial speech.

6      **WHEREAS**, Pereira's prayer for relief seeks (a) lost profits of one thousand dollars
7  ($1,000.00) per day per day from August 1, 2011 until trial, (b) exemplary damages (although the
8  individual defendants have been dismissed), (c) an order declaring the ordinance unconstitutional,
9  and (d) an order enjoining the County from enforcing its special permit proceeds.

10      **WHEREAS**, the named individuals were dismissed with prejudice on June 1, 2012.

11      **WHEREAS**, the County denied the occurrence of the claims and violations alleged in the
12  Complaint and the County expressly does not intend to imply any admission as to any fact, finding,
13  issue of law, or violation of law, fault or liability or damages, nor shall compliance with this
14  stipulation or the Consent Agreement constitute or be construed as an admission by the County of
15  any fact, finding, conclusion, issue of law, or violation of law or fault or liability or damages.

16      **WHEREAS**, the Parties agreed that it is in their mutual interest to resolve this matter
17  without further litigation and avoid the costs and uncertainty of trial.

18      **WHEREAS**, Pereira and County (collectively referred to as the "Parties") attended a
19  settlement conference between Federal Magistrate K. Newman of the United States District Court
20  for the Eastern District of California on June 26, 2012 and entered into a Consent Agreement
21  (Docket No. 29) hereby incorporated by reference.

22      **WHEREAS**, in the Consent Agreement, Plaintiff agreed:

23  - To file a request for dismissal, with prejudice, of the above-entitled action upon
24    approval by the Board of Supervisors of the Consent Agreement.
25  - To waive all monetary damages of any kind, including, but not limited to, lost profits,
26    exemplary damages, attorneys' fees, costs, and any other conceivable monetary damage.
27  - To defend and indemnify the County, its Board members, Commissioners, officers,
28    employees, administrators, departments, successors and assigns of any such persons or

1  entities, should any litigation arise or be related to SUP applications referenced above
2  and/or the matters set forth in the Consent Agreement such as any legal challenges
3  under the California Environmental Quality Act, California Public Resources Code
4  § 21000 et seq., ("CEQA"), or the CEQA Guidelines, California Code of Regulations,
5  Chapter 3 of Title 14, et seq., or any legal challenge relating to execution, performance
6  and/or enforcement the Consent Agreement.

**AND, WHEREAS,** pursuant to the terms of the Consent Agreement, the El Dorado County Board of Supervisors ("Board") considered the above-noted SUP applications, during a regularly scheduled meeting, in open session on August 7, 2012, wherein public comment was be taken, and the Board thereafter approved the SUP applications, subject to certain conditions, at that meeting.

**NOW, THEREFORE, IT IS HEREBY STIPULATED BETWEEN THE PARTIES, AND ORDERED AND DECREED BY THE COURT AS FOLLOWS:**

The Parties respectfully request the following:

1. That the Court retain jurisdiction for a period of one year to ensure enforcement of the ongoing rights, duties and obligations of the Consent Agreement and this stipulation.
2. That the underlying action be dismissed with prejudice, each side to bear its own attorneys' fees and costs.

Plaintiff:

LAW OFFICES OF JOHN DAVID PEREIRA

Date: August 17, 2012       By:   /s/John David Pereira
                                  John David Pereira, In Pro Se
                                  (As authorized on August 17, 2012)

Defendants:

BRADY & VINDING

Date: August 17, 2012       By:   /s/Michael E. Vinding
                                  Michael E. Vinding, Attorneys for Defendants
                                  El Dorado County and El Dorado County
                                  Planning Department

1 **ORDER**

2 **IT IS HEREBY ORDERED:**

3 As set forth in greater detail above, the matter is dismissed with prejudice and the Court
4 shall retain jurisdiction for one year in order to ensure compliance with the terms of the Consent
5 Agreement and this stipulation.

6 **IT IS SO ORDERED.**

8 Date: August 21, 2012

10 WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE